Day, J.
The view entertained by the court of this case, as presented by the record, renders It unnecessary to determine some oi the questions that are discussed in argument.
The action in the court below was brought against the surety on; a township treasurer’s school bond; and if liable thereon at all, he-must be so on the words of his bond. 6 Ohio St. 501; 17 Ohio, 565.
The condition of the bond is, by its terms, limited to the faithful, disbursement of all moneys that may come to the hands of such treasurer “for school purposes.” Does the record affirmatively show a breach of this bond? For, if not, the judgment for the defendant,- for obvious reasons, can not be reversed.
The averment in the petition that a large amount of “ school and. other moneys ” came to the hands of the treasurer, is not denied in the answer; but the averment that he converted to his own use-$1,696.58 of said moneys, constituting the alleged breach of the-bond, is denied. It was material for the plaintiff to sustain this issue; and for that purpose, he proved that a larger amount than-said sum of $1,696.58, of “township funds,” came to the hands of the treasurer, and'that he died leaving that specific amount unaccounted for. 1
*There was no direct proof that any part of said moneys were “ school funds,” or moneys that came to the hands of the-. treasurer for “school purposes;” nor was there any proof whatever, to that effect, unless the term “ township funds,” necessarily embraces “school funds.” If that be so, it is equally true that many other funds are, also, included in the township funds; such, as road moneys (S. & C. Stat. 1570, sec. 25); and, in the language-of the statute, “specific funds” levied for “township purposes;” also for the “support of the poor.” S. & C. Stat. 1458, sec. 52;. Id. 1571, see. 28.
If, therefore, various funds are embraced in the term, “ township-funds,” the proof failed to show what specific fund was left unaccounted for, by the treasurer at his death; much less did it show affirmatively that it was the “ school fund.”
But, while the statute provides for a township fund, it also makes ample provisions for a school fund. S. & C. Stat. 1835. Under the-provisions of the statute, township treasurers are required to give-, *18 two bonds; one to the state for the faithful disbursement of the school funds (S. & C. Stat. 1356, see. 27), and the other to the trustees of the township, conditioned for the faithful paying over all moneys that may come to his hands. S. & C. Stat. 1569, sec. 19. For school funds he is required to make settlement with the hoard .of education (S. & C. Stat. 1356, sec. 26), and, for township funds .generally, he must settle annually with the township trustees. S. & ■C. Stat. 1568, sec. 15. It would seem, from these statutes, that two •distinct funds are contemplated, and that school funds are neither ••called nor included in the moneys known as, “ township funds.” If this be so, the evidence not only entirely failed to prove a breach • of the bond in suit, but, as proof of default in relation to funds other than school funds was immaterial, it did not oven tend to sustain the material issue. In any view, a breach of this bond was not ■affirmatively shown.
So far, then, from its being error in the court of common pleas, •to render judgment for the defendant, we do not see how, upon •this record, it could properly do otherwise.

Judgment affirmed.

Beinkerhoee, C. J., and Scott, White and Welch, JJ., concurred.